IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| KURT W. KARR | ) |
| LUANN M. KARR, | ) |
| | ) Bankruptcy No. 17-01490 |
| Debtors. | ) |
| | ) |

**RULING ON MOTION FOR SANCTIONS**

This matter came before the Court for hearing on February 21, 2019. Attorney Kevin Ahrenholz appeared for Debtors Kurt and Luann Karr ("Debtors"). Attorney Benjamin Lange appeared for unsecured creditor Hauser's Water Systems, Inc. ("Hauser's"). Debtors bring this Motion for Sanctions against Hauser's for its alleged violation of the discharge injunction under 11 U.S.C. § 524.

Hauser's filed an action in state court against Karr, LLC, a dissolved entity of which Kurt Karr was the sole owner and manager, seeking repayment of certain unsecured debts incurred by Karr, LLC before its dissolution. After receiving a judgment against Karr, LLC and conducting a debtor exam, Hauser filed an Application for Order Limiting Distribution and Claw Back from the state court seeking an order requiring Karr, LLC to claw back $10,600 from Kurt Karr

personally. Debtors contend Hauser's entire state court action has been a veiled attempt to go after and harass Kurt Karr personally in violation of 11 U.S.C. § 524.

The Court declines to adopt Debtors' argument that all of Hauser's actions against Karr, LLC should be treated as attempts to collect against Kurt Karr personally. Karr, LLC is not a debtor in this case or any bankruptcy case and Hauser's has a right to pursue collection against it, regardless of the likely futility of such efforts. While it may have been an inconvenience to Mr. Karr to appear as representative of Karr, LLC in the state court action, Hauser's actions did not violate the discharge injunction.

Hauser's request for a claw back order specifically requesting action against Kurt Karr personal, however, is a different matter. The Court finds this was "an act, to collect, recover or offset [a] debt as a personal liability of the debtor" in violation of 11 U.S.C. § 524(a)(2). As such, some sanction is appropriate to protect the sanctity of bankruptcy's discharge injunction.

The Court affirms that the discharge injunction remains in place and enjoins Hauser's from any continued efforts to collect against Debtors personally. Additionally, the Court orders Hauser's to pay Debtors $2,500 as a sanction for its conduct in violating the discharge injunction by pursuing collection of funds from Kurt Karr personally. This sanction is appropriate to compensate Debtors for

attorney fees incurred defending the claw back attempt and pursuing this sanctions action.

**WHEREFORE**, unsecured creditor Hauser's Water Systems, Inc. is enjoined from further collection actions against Debtors Kurt and Luann Karr personally.

**FURTHER**, Hauser's is ordered to pay Debtors $2,500 as a sanction for violation of 11 U.S.C. § 524(a)(2).

Dated and Entered:

March 1, 2019

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE